UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGIE BERRY                                                    PLAINTIFF

VS.                                 CIVIL ACTION NO. 3:22-cv-004-TSL-MTP

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER                                                 DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant University of Mississippi Medical Center (UMMC) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the motion of plaintiff Angie Berry, pursuant to Rule 15, to amend her complaint.  Each party has responded in opposition to the other's motion.  The court has considered the parties' memoranda of authorities and concludes that although UMMC's motion to dismiss is well-taken, plaintiff's motion to amend should be granted to the extent she seeks to add a claim for relief under the Rehabilitation Act, 29 U.S.C. § 791 *et seq*.

Plaintiff commenced this action in the Circuit Court of Hinds County, Mississippi against UMMC, her former employer, alleging that UMMC violated the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*., by terminating her

1

employment (or forcing her to resign)[1] because she took FMLA
leave for a medical condition that constitutes a disability
under the ADA.  UMMC removed the case to this court based on
federal question jurisdiction under 28 U.S.C. § 1331, and then
moved to dismiss pursuant to Rule 12(b)(6), arguing that
plaintiff's complaint does not state a viable claim because UMMC
has sovereign immunity from both her claims.  It argued, more
particularly, that since UMMC, "as an arm of the University of
Mississippi, is an agency of the state and entitled to Eleventh
Amendment immunity absent waiver or abrogation[,]" McGarry v
Univ. of Miss. Med. Ctr., 355 Fed. Appx. 853, 856 (5th Cir.
2009), and since "Congress did not [validly] abrogate the
states' sovereign immunity in enacting Title I of the ADA[,]"
which prohibits employment discrimination against the disabled,
Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir.
2002), and also did not abrogate sovereign immunity for claims
for damages under the FMLA's self-care provisions, Coleman v
Court of Appeals of Maryland, 566 U.S. 30, 43-44, 132 S. Ct.
1327, 1337-38, 182 L. Ed. 2d 296 (2012), then plaintiff's
complaint must be dismissed.

Plaintiff responded, arguing that UMMC waived its Eleventh
Amendment immunity by removing the case to federal court.  See

---

[1]   Plaintiff alleges throughout her complaint both that she
was terminated and that she was forced to resign.

R.R. Co. v. Louisiana Pub. Serv. Comm'n, 662 F.3d 336, 341 (5th
Cir. 2011) ("removal by the state was a voluntary invocation of
federal jurisdiction and was thus a waiver of immunity.").
She also moved to amend her complaint to include further factual
allegations and to assert two additional claims for relief,
specifically, an FMLA retaliation claim and a claim for alleged
violation of the Rehabilitation Act.  Defendant opposed
plaintiff's motion on the basis of futility, contending that her
proposed ADA and FMLA claims are barred by sovereign immunity
and that her complaint does not include sufficient factual
allegations to state a claim for disability discrimination under
the Rehabilitation Act.

    A state "enjoys two kinds of immunity that it may choose to
waive or retain separately—immunity from suit and immunity from
liability." Meyers ex rel. Benzing v. Texas, 410 F.3d 236, 252–
53 (5th Cir. 2005).  "[A] state, if its law authorizes, [may]
waive its immunity from suit without waiving its immunity from
liability." Id.  The Eleventh Amendment provides states with
immunity *from suit* in federal court.  See In re Allied-Signal,
Inc., 919 F.2d 277, 281 (5th Cir. 1990) (citing Lake Country
Estates Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99
S. Ct. 1171, 59 L. Ed. 2d 401 (1979)) ("Basic Eleventh Amendment
immunity … arises under federal law and provides immunity from
suit in federal court to states and certain political

3

subdivisions that qualify as 'arms of the state.'"). Plaintiff
is correct that UMMC waived its Eleventh Amendment immunity from
suit by removing the case to federal court. See Barrett v.
Miss. Dept. of Public Safety, Civil Action No. 3:11CV185TSL-JMR,
2013 WL 4015094, at *3 (S.D. Miss. 2013) (citing Meyers, 410
F.3d at 255, for proposition that when a state removes a case to
federal court, it voluntarily invokes the jurisdiction of the
federal courts and waives its Eleventh Amendment *immunity from
suit in federal court)*. UMMC is also correct, however, that
such a waiver of the state's Eleventh Amendment immunity from
suit in federal court "does not affect or limit the State's
ability to assert whatever rights, immunities or defenses are
provided for by its own sovereign immunity law to defeat the
claims against the State finally and on their merits in the
federal courts." Meyers ex rel. Benzing v. Texas, 454 F.3d 503,
504 (5th Cir. 2006). See also Barrett, 2013 WL 4015094, at *3
(whether state that has waived Eleventh Amendment immunity by
removal to state court "retains its separate immunity from
liability is a separate issue, determined according to the
state's law").

Under Mississippi law, "no political subdivision or agency
of the state can be sued in the absence of a clear and
unambiguous statute waiving sovereign immunity." Employers Ins.
of Wausau v. Miss. State Highway Com'n, 575 So. 2d 999, 1002

4

(Miss. 1990) (further stating that "this Court [has] jealously, if not indeed zealously, thrown the protective blanket of sovereign immunity to all activities of the state, its agencies and political subdivisions in the absence of a clearcut unequivocal statute waiving it."). UMMC asserts that there has been no such waiver of the state's immunity from liability for claims brought under Title I of the ADA or the FMLA's self-care provisions. Plaintiff does not dispute this. She has not pointed to any statute waiving the state's immunity, and the court has discerned no such statute. Accordingly, plaintiff is foreclosed from pursing claims against UMMC under either the ADA or the FMLA.

That said, plaintiff has moved to amend her complaint to assert a claim for violation of the Rehabilitation Act.[2] Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be

---

[2]     Notably, a state's sovereign immunity does not bar a suit for money damages under the Rehabilitation Act as "[s]tate entities that accept federal funding knowingly and voluntarily waive their sovereign immunity to suit under § 504 of the Rehabilitation Act." Campbell v. Lamar Institute of Technology, 842 F.3d 375, 379 (5th Cir. 2016). UMMC does not contend otherwise.

subjected to discrimination under any program or activity receiving Federal financial assistance…." 29 U.S.C. § 794(a). UMMC opposes plaintiff's motion to amend to add this claim based on futility, arguing that plaintiff's proposed amended complaint fails to allege sufficient facts to state a viable claim for relief and more particularly, that it fails to sufficiently allege that she has a qualifying disability. See Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (district court may deny motion to amend if allowing amendment would be futile, i.e., if amendment would fail to survive a Rule 12(b)(6) motion).

The elements of a discrimination claim under the Rehabilitation Act are largely the same as those under the ADA and Rehabilitation Act claims are evaluated under the same standards and provisions that govern ADA claims, with the exception of the causation element; whereas an individual's disability need only be a "motivating factor" under the ADA, the Rehabilitation Act prohibits discrimination only if it is "solely" because of a person's disability. See Pinkerton v. Spellings, 529 F.3d 513, 516 (5th Cir. 2008). To state a claim for violation of the ADA, and hence the Rehabilitation Act, plaintiff must plead and prove, among other elements, that she is an individual with a disability. Mzyk v. North East Indep. School Dist., 397 Fed. Appx. 13, 16 n.3, 2010 WL 3926853, at *2

(5th Cir. 2010) (setting out elements of ADA claims of disparate treatment and failure to accommodate).

The Rehabilitation Act expressly adopts the ADA's definition of "disability," see 29 U.S.C. § 705(9)(B), which is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities" is defined to include not only such tasks as seeing, hearing, eating and working, but also "major bodily functions," including, but not limited to "functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." Id. Diabetes unquestionably affects the functioning of the endocrine system. See Lewis v. Cain, No. 3:15-CV-318, 2021 WL 1219988, at *1 (M.D. La. Mar. 31, 2021), reconsideration denied, No. CV 15-318-SDD-RLB, 2021 WL 5287856 (M.D. La. Oct. 8, 2021) (recognizing that diabetes is a qualifying disability affecting the endocrine system). Moreover, the EEOC has promulgated regulations which expressly state that given its inherent nature, diabetes will "as a factual matter, virtually always be found to impose a substantial limitation on [the] major life activity" of "endocrine function." 29 C.F.R. 1630.2(j)(3)(ii)-(iii). See Gosby v. Apache Industrial Servs., Inc., 30 F. 4th 523, 524-25 (5th Cir. 2022) ("diabetes [is] a condition covered by the

[ADA]") (citing 29 C.F.R. 1630.2(j)(3)).  In the court's opinion, therefore, by alleging that she has diabetes, which she identifies as a disability, plaintiff's proposed amended complaint adequately alleges that she has a qualifying disability under the Rehabilitation Act.

Accordingly, based on the foregoing, it is ordered that plaintiff's claims for alleged violations of the ADA and FMLA will be dismissed, and she will not be permitted to pursue any such claims via an amended pleading.  Plaintiff will, however, be permitted to file an amended complaint on or before May 27, 2022 setting forth her proposed claim for alleged violation of the Rehabilitation Act.  Failure to file such amended complaint on or before May 27 will result in final dismissal with prejudice of this action.

SO ORDERED this 23rd day of May, 2022.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE